O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAHER SALAMA, | ) | Case No. CV 09-07854 DMG (RZx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) | **TO RECUSE JUDGE GEE** |
| v. | ) | |
| | ) | [Motion filed on 9/9 I guess. |
| COUNTY OF LOS ANGELES, et al., | ) | Referred to us on 9/16] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This matter comes before the Court on Maher Salama ("Plaintiff")'s motion to recuse Judge Dolly M. Gee.  On August 26, 2011, Judge Gee heard argument on Defendants' Motion for Summary Judgment, and granted the motion.  On September 9, 2011, Plaintiff filed a Motion for Reconsideration of Judge Gee's ruling and order. Within Plaintiff's Motion was a section headed "THE COURT'S DECISION APPEARS TO BE CORRUPTED BY PASSION AND PREJUDICE[.]" (Motion at 17.)  In the motion's concluding section, Plaintiff "respectfully requests that Hon. Gee recuse herself from this case and permit another judge to consider the matter."  (Mot. at 20.) This court construes Plaintiff's request as a Motion to Recuse

Judge Gee.  This court now, therefore, addresses the recusal issue without reaching the merits of the underlying Motion for Reconsideration.  Having reviewed Plaintiff's submissions and the record of oral argument, the Court DENIES the motion and adopts the following order.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a),(b)(1).  The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice.  In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

This matter arises out of Judge Gee's finding that Defendants had probable cause to arrest Plaintiff for annoying or a molesting a child.  (Order Re Defendants' Motion for Summary Judgment, Dkt. No. 40 at 4, 15.)  Plaintiff's contentions with respect to Judge Gee's recusal are that Judge Gee "ignored the facts that are favorable to plaintiff and denied plaintiff the inferences derived from said facts," and "cut off plaintiff's oral argument with an

inquiry as to whether Plaintiff has proof that [he] did not molest the girls." (Mot. At 17.)

As an initial matter, the record does not support Plaintiff's assertion that Judge Gee "cut off" oral argument. After allowing the parties to review a tentative order, Judge Gee engaged in a lengthy colloquy with Plaintiff's counsel regarding probable cause. (Reporter's Transcript ("RT") at 1-11.)[1] Judge Gee then stated to counsel, "I think I explained in the tentative the reason why the court does not agree with your position. But if you wish to tell the court how it is incorrect in its assessment of the facts, other than what you've already told the court, then you may proceed." (RT at 11.)

After another colloquy, Judge Gee stated "[t]he bottom line here is whether or not there was probable cause to arrest your client based on the statements of the two girls who indicated that he had inappropriately touched them. What evidence do you have that the officers knew that [Plaintiff], in fact, had not done so?" (RT at 12.)[2] Plaintiff's counsel acknowledged that he had no such evidence, then engaged in further discussion with Judge Gee. (RT at 12-14.) After hearing from Defendants' counsel, Judge Gee gave Plaintiff's counsel another opportunity to speak. (RT at 16-17.) Judge Gee waited until counsel had finished speaking, then indicated that the court's tentative grant of summary judgment would stand. (RT at 17-18.)

---

[1] Plaintiff did not provide this court with a transcript of the relevant proceedings nor cite to the transcript in his motion.

[2] The court presumes that Plaintiff is referring to this comment when he states that Judge Gee made an inquiry into whether Plaintiff had proof that he did not molest the girls.

3

1    Though Plaintiff clearly disagrees with Judge Gee's legal
2 conclusions, he has not established that Judge Gee's impartiality
3 could reasonably be called into question.  Judge Gee did not "cut
4 off" oral argument, and gave Plaintiff ample opportunity to argue
5 his position.  Plaintiff has not shown that Judge Gee's decisions
6 or actions in this case reveal a "deep-seated and unequivocal
7 antagonism" toward Plaintiff "that would render fair judgment
8 impossible."  F.J. Hanshaw Enters., 244 F.3d at 1144-45.
9 Accordingly, the Motion to Recuse is DENIED.

13   IT IS SO ORDERED.

14   Dated: September 23, 2011
15                                          DEAN D. PREGERSON
                                            United States District Judge