O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAHER SALAMA, | ) | Case No. CV 09-07854 DMG (RZx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) | **TO RECUSE JUDGE GEE** |
| v. | ) | |
| | ) | [Motion filed on 9/9 I guess. |
| COUNTY OF LOS ANGELES, et | ) | Referred to us on 9/16] |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Maher Salama
("Plaintiff")'s motion to recuse Judge Dolly M. Gee.  On August 26,
2011, Judge Gee heard argument on Defendants' Motion for Summary
Judgment, and granted the motion.  On September 9, 2011, Plaintiff
filed a Motion for Reconsideration of Judge Gee's ruling and order.
Within Plaintiff's Motion was a section headed "THE COURT'S
DECISION APPEARS TO BE CORRUPTED BY PASSION AND PREJUDICE[.]"
(Motion at 17.)  In the motion's concluding section, Plaintiff
"respectfully requests that Hon. Gee recuse herself from this case
and permit another judge to consider the matter."  (Mot. at 20.)
This court construes Plaintiff's request as a Motion to Recuse

1  Judge Gee.   This court now, therefore, addresses the recusal issue
2  without reaching the merits of the underlying Motion for
3  Reconsideration.   Having reviewed Plaintiff's submissions and the
4  record of oral argument, the Court DENIES the motion and adopts the
5  following order.

6      A judge "shall disqualify himself in any proceeding in which
7  his impartiality might reasonably be questioned" and in proceedings
8  in which "he has a personal bias or prejudice concerning a party,
9  or personal knowledge of disputed evidentiary facts concerning the
10 proceeding."   28 U.S.C. § 455(a),(b)(1).   The Ninth Circuit has
11 articulated the standard for disqualification under § 455 as
12 follows:

13     The test under § 455(a) is whether a reasonable person with
       knowledge of all the facts would conclude that the judge's
14     impartiality might reasonably be questioned.   Typically, a
       judge's partiality must be shown to be based on information
15     from extrajudicial sources, although sometimes, albeit
       rarely, predispositions developed during the course of a
16     trial will suffice.   In the instance where the partiality
       develops during the course of the proceedings, it can be the
17     basis of recusal only when the judge displays a deep-seated
       and unequivocal antagonism that would render fair judgment
18     impossible.

19 F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d
20 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations
21 omitted).

22     This matter arises out of Judge Gee's finding that Defendants
23 had probable cause to arrest Plaintiff for annoying or a molesting
24 a child.   (Order Re Defendants' Motion for Summary Judgment, Dkt.
25 No. 40 at 4, 15.)   Plaintiff's contentions with respect to Judge
26 Gee's recusal are that Judge Gee "ignored the facts that are
27 favorable to plaintiff and denied plaintiff the inferences derived
28 from said facts," and "cut off plaintiff's oral argument with an

1   inquiry as to whether Plaintiff has proof that [he] did not molest

2   the girls." (Mot. At 17.)

3       As an initial matter, the record does not support Plaintiff's

4   assertion that Judge Gee "cut off" oral argument. After allowing

5   the parties to review a tentative order, Judge Gee engaged in a

6   lengthy colloquy with Plaintiff's counsel regarding probable cause.

7   (Reporter's Transcript ("RT") at 1-11.)[1]  Judge Gee then stated to

8   counsel, "I think I explained in the tentative the reason why the

9   court does not agree with your position.  But if you wish to tell

10  the court how it is incorrect in its assessment of the facts, other

11  than what you've already told the court, then you may proceed."

12  (RT at 11.)

13      After another colloquy, Judge Gee stated "[t]he bottom line

14  here is whether or not there was probable cause to arrest your

15  client based on the statements of the two girls who indicated that

16  he had inappropriately touched them.  What evidence do you have

17  that the officers knew that [Plaintiff], in fact, had not done so?"

18  (RT at 12.)[2]  Plaintiff's counsel acknowledged that he had no such

19  evidence, then engaged in further discussion with Judge Gee.  (RT

20  at 12-14.)  After hearing from Defendants' counsel, Judge Gee gave

21  Plaintiff's counsel another opportunity to speak.  (RT at 16-17.)

22  Judge Gee waited until counsel had finished speaking, then

23  indicated that the court's tentative grant of summary judgment

24  would stand.  (RT at 17-18.)

25

26      [1] Plaintiff did not provide this court with a transcript of
    the relevant proceedings nor cite to the transcript in his motion.

27
      [2] The court presumes that Plaintiff is referring to this
28  comment when he states that Judge Gee made an inquiry into whether
    Plaintiff had proof that he did not molest the girls.

3

1    Though Plaintiff clearly disagrees with Judge Gee's legal

2    conclusions, he has not established that Judge Gee's impartiality

3    could reasonably be called into question.  Judge Gee did not "cut

4    off" oral argument, and gave Plaintiff ample opportunity to argue

5    his position.  Plaintiff has not shown that Judge Gee's decisions

6    or actions in this case reveal a "deep-seated and unequivocal

7    antagonism" toward Plaintiff "that would render fair judgment

8    impossible."  <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1144-45.

9    Accordingly, the Motion to Recuse is DENIED.

10

11

12

13   IT IS SO ORDERED.

14

15   Dated: September 23, 2011

                                        DEAN D. PREGERSON
16                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28